**NOT FOR PUBLICATION**

FILED

MAY 6 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSEPH MARTIN McGHEE,

Plaintiff - Appellant,

v.

STATE OF ARIZONA, a sovereign State of the United States of America; RYAN FORSMAN, as an individual and in his official capacity as police officer employed by the City of Flagstaff; DARA RABIN, as a private party state actor; WILLIAM RING, in his official capacity as Coconino County Attorney; AMMON BARKER, in his official capacity as Chief Deputy Coconino County Attorney; COUNTY OF COCONINO, a political subdivision of the State of Arizona; ATTORNEY GENERAL OF THE STATE OF ARIZONA,

Defendants - Appellees.

No. 24-2460

D.C. No. 3:23-cv-08601-SRB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted April 22, 2026**

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: LEE, DESAI, and JOHNSTONE, Circuit Judges.

Joseph Martin McGhee appeals pro se from the district court's judgment dismissing his action under 42 U.S.C. §§ 1983 and 1985 alleging federal and state law claims pertaining to his arrest and prosecution. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994). *Sanders v. City of Pittsburg*, 14 F.4th 968, 970 (9th Cir. 2021). We affirm.

The district court properly dismissed as *Heck*-barred McGhee's constitutional claims relating to his arrest and prosecution because success on these claims would necessarily imply the invalidity of his conviction, and McGhee has not demonstrated that his conviction has been invalidated. *See Heck*, 512 U.S. at 486-87 (holding that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (affirming a *Heck*-based dismissal of § 1983 claims alleging that police officers lacked probable cause for plaintiff's arrest and brought unfounded criminal charges).

The district court did not abuse its discretion in denying as moot McGhee's motion for leave to amend the complaint. *See Cervantes v. Countrywide Home*

*Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We decline to address the qualified immunity issues raised by McGhee in his opening brief that were outside the scope of the district court's judgment.

McGhee's motion (Docket Entry Nos. 25, 26) for judicial notice is denied.

**AFFIRMED.**